**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ALABAMA**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATE OF AMERICA,** | ) | |
| | ) | |
| vs. | ) | **Criminal Action No. 22-00226-KD-B** |
| | ) | |
| **SEAN DONNELL WHITE,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## ORDER

This action is before the Court on the United States' unopposed motion to correct clerical error (doc. 78). The United States moves pursuant to Fed. R. Crim. P. 36 to correct an error in the judgment (doc. 76). The United States argues that Defendant Sean Donnell White's "restitution payments should be made joint and several with his coconspirator" Kristen Williams, "and the omission of language regarding joint and several liability for restitution in White's judgment is an oversight or omission that warrants correction under the rule." (doc. 78).

Rule 36 provides that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. The Rule may be used to correct a written judgment to conform to the record or to correct a written judgment to conform to the oral pronouncement of sentence.

During White's sentencing, the United States identified Williams as the postal employee from whom White obtained the postal key to unlock the post boxes. However, the record is silent as to any request by the United States that White's restitution be made joint and several with Williams. When the Court orally pronounced sentence, White was ordered to pay restitution in the amount of $35,334.10 to TrustMark Bank.

The Mandatory Victims Restitution Act requires the District Court to award restitution to the victims of bank fraud. 18 U.S.C. § 3663A(a)(1), (c)(1)(A)(ii). The Act also provides for joint liability as follows:

> (h) If the court finds that more than 1 defendant has contributed to the loss of a victim, the court may make each defendant liable for payment of the full amount of restitution or may apportion liability among the defendants to reflect the level of contribution to the victim's loss and economic circumstances of each defendant.

18 U.S.C.A. § 3664(h).

Here, the record shows that the Court did not make a finding that more than one defendant contributed to TrustMark Bank's loss. Instead, the record indicates that the United States failed to request that White's restitution be joint and several with Williams. The Court's oral pronouncement of sentence is not ambiguous. This is not the circumstance where the Court may correct an error in the record arising from clerical error or its oversight or omission. Cf. United States v. Hall, 2021 WL 5985356 at *3 (11th Cir. 2021) ("The 'correction [of Hall's written judgment] was proper under Rule 36' because the district court was 'correct[ing] an error in the record arising from [its] oversight' to make Hall's restitution, as her counsel stated at sentencing, 'due and payable right away.'") (citations omitted) (bracketed text in original). Moreover, Rule 36 may not be used "to make a substantive alteration to a criminal sentence." United States v. Mayer, 729 Fed. Appx. 799, 801 (11th Cir. 2018).

Accordingly, the Motion is DENIED.

**DONE** and **ORDERED** this 28th day of February 2025.

      s / Kristi K. DuBose
      **KRISTI K. DuBOSE**
      **UNITED STATES DISTRICT JUDGE**